IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARK J. AVERY,<br><br>    Defendant. | Case No. 3:07-cr-00028-RRB<br><br>**ORDER REGARDING**<br>**MOTION AT DOCKET 196** |

## I.   PENDING MOTIONS

At **Docket 196** Defendant Mark J. Avery filed a Motion to Dismiss (Specific Performance of Agreement), which the Government has opposed.[1] Neither party has requested oral argument, and the Court has determined that oral argument would not materially assist in resolving the issues presented. Accordingly, the matter is submitted for decision on the moving and opposing papers.[2]

## II.   BACKGROUND

The history of this case is well known to the parties and is repeated here only to the extent necessary to an understanding of this decision. In April 2008, this Court sentenced Avery to 102 months imprisonment on his guilty plea to fifteen counts: five counts of wire

---

[1] Docket 204.

[2] D.Ak. LCrR 47.1; D.Ak. LR 7.2(a)(3).

fraud (18 U.S.C. §§ 1343, 1346); nine counts of money laundering (18 U.S.C. § 1957(a); and one count of criminal forfeiture (18 U.S.C. § 982(a). Avery waived his right to appeal, and no appeal was filed. In February 2011 Avery sought relief under 28 U.S.C. § 2255, claiming his conviction and sentence were invalidated by the Supreme Court decision in *Skilling*.[3] This Court denied Avery relief. Upon appeal, the Ninth Circuit, finding that the crime to which Avery pleaded guilty at his plea allocution (honest services fraud) was no longer a criminal offense, reversed and remanded.[4]

As relevant to the motion *sub judice*, the Ninth Circuit noted:

> We note that while Avery is innocent of honest services fraud, as that theory has been defined by the Supreme Court in *Skilling,* Avery's conduct may still constitute money-or-property based wire fraud. *See, e.g., United States v. Pelisamen,* 641 F.3d 399, 406 (9th Cir.2011). If this is the case, under the terms of the plea agreement the government may be able to reinitiate criminal proceedings against Avery under the broader money-or-property based wire fraud prosecution theory alleged in the original Information. If criminal proceedings are reinstituted, we leave it to the district court on remand to determine whether Avery's misconduct could trigger liability under core mail and wire fraud jurisprudence.[5]

It further noted:

> Because our certificate of appealability is limited to evaluating whether Avery's habeas claim attacking the basis for his honest services fraud conviction was procedurally defaulted, we leave it to the district court on remand to determine what consequences might follow issuance of the writ granting relief under the honest services fraud theory, should the government

---

[3] *Skilling v. United States*, 561 U.S. 358 (2010).

[4] *United States v. Avery*, 719 F.3d 1080 (9th Cir. 2013).

[5] *Id.* at 1085 n.3.

elect to continue prosecuting this case rather than dismissing the Information.[6]

Consistent with the Ninth Circuit's notes, upon remand the Government sought and the Grand Jury re-indicted Avery on fifteen counts: five counts of wire fraud (18 U.S.C. §§ 2, 1343); and ten counts of money laundering (18 U.S.C. §§ 2, 1957(a)).[7] It is this re-indictment that Avery seeks be dismissed.

## III. ISSUE PRESENTED.

In light of the reversal on the basis that the conduct admitted by Avery during the plea colloquy did not constitute a crime, whether, under the terms of the plea agreement, the Government is precluded from re-indicting him.

## IV. DISCUSSION

Avery advances two arguments: (1) that in bringing his § 2255 motion, he did not breach the plea agreement; and (2) he is entitled to specific enforcement of the plea agreement, specifically that the government would not initiate or reinstate charges related to the investigation that led to the information to which he pleaded guilty. The Court will address these arguments *in seriatim*.

### 1. Breach of Plea Agreement

Avery argues that it is established law that a conviction based upon conduct not prohibited by law "'inherently results in a miscarriage of justice' and 'present(s) exceptional

---

[6] *Id.* at 1086 n.5.

[7] Docket 172.

circumstances' that justify collateral relief under § 2255,"[8] and such a conviction is void.[9]

Avery contends that in raising these principles he did not breach the plea agreement.[10]

The relevant provision of the plea agreement provides:

> By pleading guilty pursuant to this agreement, I understand and agree I am waiving all of these applicable rights including my right to appeal my conviction(s). I further agree that if the district court imposes a sentence in accordance with this agreement, I am waiving without exception my right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the district court imposes upon me - including forfeiture (if applicable), terms and conditions of probation (if applicable), supervised release, any fines and restitution. Additionally, I also knowingly and voluntarily agree to waive all right to collaterally attack my conviction(s) and/or sentence - including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution the district court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel based on information not now known to me and which, in the exercise of reasonable diligence, could not be known by me at the time the court imposes sentence; and 2) a challenge to the voluntariness of my guilty plea(s). I understand a collateral attack is an additional means separate from an appeal by which I could challenge my conviction or sentence. I also agree that if my guilty pleas are rejected, withdrawn, vacated, reversed, or set aside, or if my sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute me on all charges arising out of the investigation of this case for which there is probable cause.[11]

---

[8] *Davis v. United States*, 417 U.S. 333, 346–47 (1974).

[9] *United States v. Transfiguracion*, 442 F.3d 1222 (9th Cir. 2006).

[10] *United States v. Barron*, 172 F.3d 1153. 1158 (9th Cir. 1998) (en banc) ("To seek to set aside a conviction for conduct that is innocent is neither to breach nor to repudiate the agreement.") (citing *United States v. Sandoval-Lopez*, 122 F.3d 797, 802 (9th Cir. 1997)).

[11] Docket 4, pp. 15–16.

The problem Avery faces is that the authorities he relies upon, while unquestionably legally correct and binding, are factually inapposite to his case. What Avery overlooks is that he has unequivocally waived the right to collaterally attack his conviction and sentence except on two grounds: (1) ineffective assistance of counsel; and (2) the voluntariness of his plea. While Avery's § 2255 also raised those two points, had he raised only them and relief granted on that basis Avery would likely prevail, that is not the case before this Court. Avery was granted relief upon an entirely different ground: actual innocence.

As the Ninth Circuit held in *Sandoval-Lopez*: "A plea agreement does not waive the right to bring a § 2255 motion unless it does so expressly. The government gets what it bargained for but nothing more."[12] In recent cases, the Ninth Circuit has enforced waivers of rights to seek collateral review except as specifically reserved in the plea agreement.[13] In this case, Avery unequivocally waived the right to collaterally attack his conviction on other than the two grounds specified. Having waived the right to collaterally attack his conviction on other, unpreserved grounds, Avery cannot claim that in so doing he did not breach the plea agreement.

---

[12] *Sandoval-Lopez*, 122 F.3d at 800; see *United States v. Sar-Avi*, 255 F.3d 1163, 1166–67 (9th Cir. 2001) (same citing *Sandoval-Lopez*); *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (same).

[13] *See, e.g., United States v. McTiernan*, 552 Fed. Appx. 749 (9th Cir. 2014), *United States v. Landa*, 223 Fed. Appx. 604 (9th Cir. 2007).

## 2. Specific Performance

Although Avery may not avoid the waiver bar, his specific performance argument stands on an entirely different footing. This Court agrees with the general principle that a criminal defendant may in appropriate cases specifically enforce a plea agreement.[14] Avery principally bases his motion on two Ninth Circuit decisions: *Barron* and *Transfiguracion*. For the reasons that follow, to the extent he seeks to specifically enforce the terms of the plea agreement, this Court finds Avery's argument persuasive.

In *Barron* the defendant pleaded guilty to three offenses including the use of a firearm in relation to drug trafficking and, in addition to sentencing on the first two counts, was sentenced to a five-year consecutive sentence on the use of a firearm count. Three years later the Supreme Court held in *Bailey* that the use of a firearm required "active employment" of the firearm.[15] Barron moved to vacate his sentence on the basis that he had not actively used the firearm as required by *Bailey.* The district court granted Barron relief conditioned upon his timely withdrawal of this plea. On rehearing en banc the Ninth Circuit held that: (1) where a sentence is not authorized by law the district court did not

---

[14] *See Santobello v. New York*, 404 U.S. 257, 262–63 (1971) (where state failed to keep a commitment concerning a sentence recommendation, remanding to the state court to decide under all the circumstances whether the agreement should be specifically enforced, or the defendant be permitted to withdraw his guilty plea). Avery's reliance on and citation to *Puckett v. United States*, 556 U.S. 129, 137–38 (2009) is perplexing. Although citing with apparent approval *Santobello* to the extent it sanctioned withdrawal of the plea, the Court in *Puckett*, applying Federal Rule of Criminal Procedure 52 ("plain error"), found that the violation of the plea agreement in that case did not warrant permitting withdrawal of the plea. *Id.* at 143.

[15] *Bailey v. United States*, 516 U.S. 137, 143 (1995).

have the option of granting the motion conditioned on Barron's withdrawal of his plea; (2) the proper remedy was to vacate the judgment and resentence Barron on the remaining two counts rather than order a new trial; and (3) bringing the § 2255 motion was neither a breach nor a repudiation of his plea agreement.

Avery overlooks a significant factual difference between this case and *Barron*. In *Barron* only one count of a multiple count conviction was invalidated. Here, unlike Barron, Avery was convicted on his guilty plea to *all* fifteen counts, and his conviction was vacated *in toto*. The en banc court in *Barron* carefully differentiated between the two situations.

> The dissent argues that "the unitary nature of the entry of a plea of guilty to multiple counts" forecloses such a remedy in the instant case. However, the argument that plea bargains must be treated as a package logically applies only in cases in which a petitioner challenges the entire plea as unknowing or involuntary. The dissent relies not on the statutory language of § 2255 but rather on *United States v. Gerard,* which held that a defendant who successfully withdraws from a plea agreement may not object to revival of counts previously dismissed. 491 F.2d 1300, 1305-06 (9th Cir.1974). The dissent ignores that our subsequent decision in *United States v. Sandoval-Lopez,* limited *Gerard* in holding that, unlike a claim that the plea agreement itself was unknowing or involuntary, a collateral challenge to the legality of a particular count of conviction does not constitute a breach of or withdrawal from a plea agreement, and that the remainder of the plea agreement remains in effect. 122 F.3d at 801-02. Moreover, the dissent offers no statutory authority for vacating counts of conviction that have not been challenged by a § 2255 petitioner.[16]

Thus, because in this case Avery is challenging his entire plea and all counts of conviction, by its express limiting language and holding *Barron* clearly does not apply.

---

[16] *Barron*, 172 F.3d at 1160–61.

*Transfiguracion* presents a somewhat different picture. In that case the defendants were indicted on charges of conspiracy to import methamphetamine hydrochloride into the United States from a place outside thereof, i.e., from California to Guam in violation of 21 U.S.C. §§ 952(a), 960, and 973, and conspiracy to distribute same in violation of 21 U.S.C. §§ 841(a) and 846. Defendants agreed to plead guilty to the charges and to cooperate with the government fully and truthfully in its investigation of the drug trafficking conspiracy and in the prosecution of their co-conspirators. In exchange, the government agreed to dismiss the charges upon sentencing. The defendants waived indictment and pleaded guilty to the importation charges. Sentencing was postponed to allow the defendants to provide the cooperation required by the plea agreement and the government to evaluate it. Subsequently the Ninth Circuit, sitting en banc, held that smuggling drugs from California to Guam did not constitute a violation of § 952(a).[17] In light of that decision, the defendants moved to dismiss the importation information as well as the distribution indictment. The government did not contest dismissal of the importation charge. It did, however, argue that the mutual mistake of law as to the factual basis for the importation charge justified rescission of the plea agreement and reinstatement of the conspiracy counts of the indictment. Defendants countered that, because they had fully complied with their obligations under the plea agreements, including providing substantial cooperation, the

---

[17] *United States v. Cabaccang*, 332 F.3d 622 (9th Cir. 2003) (en banc).

government was prohibited from prosecuting them on the conspiracy charges contained in the indictment.

The district court, holding that because the defendants had complied with their agreements to co-operate with the government, the agreement precluded their prosecution for the conspiracy charges and dismissed the conspiracy indictment. The government appealed the decision to dismiss the conspiracy indictment.[18]

The Ninth Circuit looked to the plea agreement, in particular:

> The meat and potatoes of the plea agreement is contained in the second paragraph. That section provides that, "in return for [the defendants'] cooperation, the United States agrees not to prosecute defendant[s] in the District of Guam or the Northern Mariana Islands for any other nonviolent offenses now known to the government or which [they] reveal[ ] to federal authorities." Despite the government's argument to the contrary, the meaning of the phrase "other non-violent offenses" is not difficult to ascertain: Provided that the defendants cooperate, the government cannot prosecute them for any known crimes *other* than those crimes for which the defendants have agreed to plead guilty, namely, the importation charges.[19]

After rejecting several arguments advanced by the government factually irrelevant to this case, the *Transfiguracion* panel held:

> In sum, our reading of relevant provisions of the plea agreements lead us to conclude that the conspiracy prosecutions cannot go forward. Paragraph one does not permit the government to go forward with prosecutions on the conspiracy charges simply because sentencing on the importation charges did not occur; rather, it specifies one circumstance, but not the only one, precluding additional prosecution. Paragraph two bars additional prosecutions once the defendants' cooperation promise is fulfilled.

---

[18] As noted by the Ninth Circuit the government did not appeal dismissal of the importation charges. *Transfiguracion*, 442 F.3d at 1227 n.7.

[19] *Id.* at 1234.

Accordingly, the blanket command in paragraph two remains enforceable even if the indictment is not dismissed pursuant to paragraph one.[FN23] Given that Transfiguracion and Dao both fulfilled their end of the bargain by cooperating with the government, they cannot be prosecuted "for any other non-violent offenses now known to the government." As a result, the prosecution of the conspiracy charges cannot continue.

> FN23. The dissent contends that the "principal object" of the agreements was to obtain criminal convictions. Dissenting op. at 1237. If that were true, however, paragraph two, providing for non-prosecution "in return for . . . cooperation," would be entirely superfluous. The agreement contemplated another benefit for the government in addition to the convictions: cooperation in the investigation and prosecution of the co-conspirators.[20]

The Ninth Circuit upheld dismissal of the indictment and determined that the dismissal was "with prejudice," precluding further prosecution.[21]

The court in *Transfiguracion* specifically enforced the agreement, i.e., that the government would not seek further prosecution on the conspiracy, or any other charge, in exchange for the cooperation of the defendants. Contrary to Avery's contentions, nothing in the plea agreement in this case supports his argument that it "plainly states that if Mr. Avery performs his end of the bargain, the government will not initiate or reinitiate charges . . . ."[22] In this case, the promise the government made in exchange for Avery's cooperation was that it would seek a substantial assistance reduction.[23] Based upon the government's acknowledgment that Avery had provided substantial assistance that

---

[20] *Id.* at 1236.

[21] *Id.* at 1236–37 (citing *United States v. Cejas*, 817 F.2d 595, 600 (9th Cir. 1987)).

[22] Docket 196 at 2.

[23] Addendum to Plea Agreement, Docket 5 (sealed).

resulted in sizeable investigative and prosecutorial resources savings to the U. S. Attorney, the Internal Revenue Service, and the Federal Bureau of Investigation, the government did in fact move for a four-level downward departure from the presumptive guideline sentence of 14 to 17 years to a fixed term of ten years.[24] Thus, the government has effectively conceded that Avery is entitled to the four-level reduction provided for in the addendum to the plea agreement. Under *Transfiguracion*, Avery is clearly entitled to the benefit of that bargain. Under the express terms of his plea agreement Avery is not, however, entitled to immunity from being prosecuted for the crimes set forth in the current indictment.[25]

**V.    ORDER**

Based upon the foregoing, the Motion to Dismiss (Specific Performance of Plea Agreement) at **Docket 196** is **GRANTED IN PART** and **DENIED IN PART**. The Indictment in this matter will not be dismissed. However, should Defendant Mark J. Avery be convicted on the Indictment in this matter, whether by plea or trial, the United States of America may not seek the imposition of a sentence in excess of ten (10) years.

**IT IS SO ORDERED** this 11th day of September, 2014.

                                      S/ RALPH R. BEISTLINE
                                      UNITED STATES DISTRICT JUDGE

---

[24]   Docket 65.

[25]   Docket 172.