IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　Plaintiff,<br><br>vs.<br><br>MARK J. AVERY,<br><br>　　　Defendant. | Case No. 3:07-cr-00028-RRB<br><br>**ORDER DENYING MOTION**<br>**AT DOCKET 195** |

**I.　PENDING MOTIONS**

At **Docket 195** Defendant Mark J. Avery filed a Motion to Dismiss (Statute of Limitations). The Government has opposed[1] and Avery has replied.[2] Neither party has requested oral argument and the Court has determined that oral argument would not materially assist in resolving the issues presented. Accordingly, the matter is submitted for decision on the moving and opposing papers.[3]

**II.　BACKGROUND**

The history of this case is well known to the parties and is repeated here only to the extent necessary to an understanding of this decision. On March 6, 2007, the Government filed a sixteen-count information: five (5) counts of Wire Fraud (18 U.S.C. §§ 1343, 1346,

---

[1]　Docket 206.

[2]　Docket 217.

[3]　D.Ak. LCrR 47.1; D.Ak. LR 7.2(a)(3).

18 U.S.C. § 2); ten (10) counts of Money Laundering (18 U.S.C. § 1957(a)); and one (1) Criminal Forfeiture count (18 U.S.C. § 982(a)(1)).[4] On the same date the Government filed a fully executed Plea Agreement.[5] In April 2008, this Court sentenced Avery to 102 months imprisonment on his guilty plea to the information.[6] Avery waived his right to appeal and no appeal was filed. In February 2011 Avery sought habeas relief claiming his conviction and sentence were invalidated by the Supreme Court decision in *Skilling*.[7] This Court denied Avery relief.[8] Upon appeal, the Ninth Circuit, finding that the crime to which Avery pleaded guilty was no longer a criminal offense, reversed and remanded.[9]

As relevant to the motions *sub judice*, the Ninth Circuit noted:

> We note that while Avery is innocent of honest services fraud, as that theory has been defined by the Supreme Court in *Skilling,* Avery's conduct may still constitute money-or-property based wire fraud. *See, e.g., United States v. Pelisamen,* 641 F.3d 399, 406 (9th Cir.2011). If this is the case, under the terms of the plea agreement the government may be able to reinitiate criminal proceedings against Avery under the broader money-or-property based wire fraud prosecution theory alleged in the original Information. If criminal proceedings are reinstituted, we leave it to the district court on remand to determine whether Avery's misconduct could trigger liability under core mail and wire fraud jurisprudence.[10]

---

[4] Docket 1.

[5] Docket 4.

[6] Docket 71.

[7] *Skilling v. United States*, 561 U.S. 358 (2010).

[8] Docket 119.

[9] *United States v. Avery*, 719 F.3d 1080 (9th Cir. 2013).

[10] *Id.*, 719 F.3d at 1085 n.3.

It further noted:

> Because our certificate of appealability is limited to evaluating whether Avery's habeas claim attacking the basis for his honest services fraud conviction was procedurally defaulted, we leave it to the district court on remand to determine what consequences might follow issuance of the writ granting relief under the honest services fraud theory, should the government elect to continue prosecuting this case rather than dismissing the Information.[11]

Upon remand the Government sought and the Grand Jury re-indicted Avery on fifteen (15) counts: five (5) counts of wire fraud (18 U.S.C. §§ 2, 1343); and ten (10) counts of money laundering (18 U.S.C. §§ 2, 1957(a)) on October 17, 2013.[12] It is this re-indictment that Avery seeks be dismissed.

## III. ISSUE PRESENTED.

Whether Avery's re-indictment is barred by the applicable five-year limitation period, 18 U.S.C. § 3282.

## IV. DISCUSSION

It is undisputed that the original information was timely. It is also undisputed that more than five years lapsed between the time Avery committed the offenses (August 16, 2006) and the *current* indictment was returned (October 17, 2013). The issue before this Court is whether or not the date governing when the limitations period stopped running was the date of the initial information (March 6, 2007) or the date of the re-indictment (October 17, 2013). If the former, Avery is entitled to dismissal; if the later he is not.

---

[11] *Id.*, at 1086 n.5.

[12] Docket 172.

Initially, the Court notes that 18 U.S.C. § 3296 is inapplicable. That section, by its express terms, deals solely with counts that were dismissed as a result of a plea agreement. In this case, *no* counts were dismissed. Avery entered a guilty plea to all fifteen counts on the information. Likewise, Avery's argument that the government abandoned prosecution of the pecuniary fraud charge fails.[13] Consequently, the issue before the Court at this point is whether the superseding indictment in this case relates back to the original information.

The well established rule in this Circuit is that an indictment tolls the statute of limitations as to all charges contained therein.[14] "A superseding indictment brought after the statute of limitations has expired is valid so long as the original indictment is still pending and was timely and the superseding indictment does not broaden or substantially amend the original charges."[15] Furthermore, the Ninth Circuit noted that the government

---

[13] Avery's reliance on *United States v. Gibson*, 490 F.3d 604 (7th Cir. 2007); *United States v. Midgley*, 142 F.3d 174 (3d Cir. 1998); *United States v. Podde*, 105 F.3d 813 (2d Cir. 1997); *United States v. McCreary-Redd*, 628 F. Supp.2d 764 (E. D. Tenn. 2007) *aff'd*, 407 F. App'x 861 (6th Cir. 2010); and *Ricks v. United States*, 921 F. Supp.2d 501 (E. D. N. C. 2013) is misplaced. In each of those cases the government sought to reinstate charges that had been dismissed pursuant to a plea agreement that was later vacated.

[14] *United States v. Hickey*, 580 F.3d 922, 929 (9th Cir. 2009) (citing *United States v. Clawson*, 104 F.3d 250, 250–51 (9th Cir. 1996); *see United States v. Pacheco*, 912 F.2d 297, 305 (9th Cir. 1990) ("[a]n original indictment remains pending until it is dismissed . . ..").

[15] *Hickey, supra* (quoting *United States v. Italiano*, 894 F.2d 1280, 1282 (11th Cir. 1990) (internal quotation marks omitted)).

may elect to proceed on either the earlier indictment or the most recently returned indictment.[16]

The central question presented herein is whether or not Avery was on fair notice of the charges.[17]

> Notice to the defendant is the central policy underlying the statutes of limitation. If the allegations and charges are substantially the same in the old and new indictments, the assumption is that the defendant has been placed on notice of the charges against him. That is, he knows that he will be called to account for certain activities and should prepare a defense.[18]

In his motion, Avery raises several arguments. Contrary to Avery's argument, the charges against him in the most recent indictment do not expand the charges made in the original information. Indeed, if anything, consistent with the decision of the Ninth Circuit, the most recent indictment *reduces* the charges.

Avery's alternative argument that the additional facts asserted in the current indictment broaden the charges also fails. The original information alleged that Avery had defrauded the Trust and May Smith, but did not name the trustees. Avery argues that adding an allegation that he defrauded the other two trustees of the May Smith Trust broadens the charges. The Court disagrees.

---

[16] *Id.* at 930 (citing *United States v. Walker*, 363 F.3d 711, 715 (8th Cir. 2004); *United States v. Vavlitis*, 9 F.3d 206, 209 (1st Cir. 1993); *United States v. Bowen*, 946 F.2d 734, 736–37 (10th Cir. 1991); *United States v. Drasen*, 845 F.3d 731, 732 n.2 (7th Cir. 1988); *United States v. Stricklin*. 591 F.2d 1112, 1116 n.1 (5th Cir. 1979); *United States v. Cerilli*, 558 F.2d 697, 700 n.3 (3d Cir. 1977)).

[17] *Id.* at 929.

[18] *Pacheco*, 912 F.2d at 305 (quoting *Italiano*, 894 F.2d at 1283) (quoted with approval in *Hickey*, 580 F.3d at 929).

> To determine whether a superseding indictment substantially broadens or amends a pending timely indictment, . . . it is appropriate to consider whether the additional pleadings allege violations of a different statute, contain different elements, rely on different evidence, or expose the defendant to a potentially greater sentence.[19]

Avery contends that the ordinal information did provide sufficient notice that he would be called upon to defend against allegations that he misled the trustees.

The fatal flaw in Avery's position is that it is both unexplained and inexplicable how, to the extent his acts defrauded the Trust itself and its beneficiary, those acts did not also defraud his co-trustees. It is logical to assume that, because a trust acts through its trustees, it requires no evidence to establish fraud on the co-trustees in addition to that required to establish fraud on the Trust itself and its beneficiary, whether the fraud be based upon commission or omission.[20]

Avery's argument that the government initially instituted solely an honest services fraud charge overlooks the implicit, if not explicit, holding of the Ninth Circuit to the contrary. While it is true that the Ninth Circuit found that the plea agreement and colloquy were limited to the "honest services" charge,[21] as noted above, it quite explicitly did not so

---

[19] *United States v. Liu*, 731 F.3d 982, 996–97 (9th Cir. 2013) (quoting *United States v. Yielding*, 657 F.3d 688, 704 (8th Cir. 2011) (internal quotation marks omitted)).

[20] This assumes that the allegations extend to the co-trustees in their capacities as such, not in their individual capacities. Should the Government seek to extend the charges to the co-trustees in their individual capacities, that issue may be raised and addressed at trial.

[21] *Avery*, 719 F.3d at 1084.

find with respect to the information. The charge Avery pled to is separate and independent from any additional charges alleged in the information.[22]

The Court has considered the other arguments raised by Avery and finds them to be unpersuasive.

**V.    ORDER**

Accordingly, the Motion to Dismiss (Statute of Limitations) at **Docket 195** is **DENIED**.

**IT IS SO ORDERED** this 2nd day of October, 2014.

                            S/ RALPH R. BEISTLINE
                            UNITED STATES DISTRICT JUDGE

---

[22] Much, if not most, of Avery's argument focuses on the scope of the plea agreement and colloquy. That Avery's plea was limited to the "honest services" charge in the information is settled and no longer an issue in contention.