IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> MARK J. AVERY, <br><br> Defendant. | Case No. 3:07-cr-00028-RRB <br><br> **ORDER DENYING AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** <br> **(Docket 641)** |

Before the Court is Defendant, Mark Avery, with a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence arising from a February 29, 2016, jury verdict as to bank fraud, wire fraud, and money laundering.[1] The government has opposed the motion, and Defendant has replied.[2]

## I. FACTS

The facts are well known to the parties and this Court, and so are summarized here only briefly. Defendant was an attorney who, beginning in 2002, served as trustee to the *May and Stanley Smith Charitable Trust* and the *May Smith Trust*, the combined value of which exceeded $400 million. The crux of the case against Defendant was that he

---

[1] *See* Docket 641.
[2] Dockets 651, 654.

violated his fiduciary obligation to act in the best interest of the trusts in order to pay off personal debts. The Government maintains that Defendant "used [a] margin loan, which he created, promoted and falsely advocated to the other trustees, to pay off his home mortgage, other personal debt, and to acquire the litany of aircraft, businesses, boats, recreational vehicles and other toys with the money dedicated to the care and maintenance of May Wong Smith."[3] The charges involved the use of margin loan money by Defendant, while never "explaining to [the trustees] how he had spent the margin loan funds."[4] At trial, Defendant was found guilty of three counts of wire fraud, six counts of money laundering, one count of bank fraud, and one count of false statement to a bank. He is serving 160 months in prison, in addition to fines and restitution. Avery filed an appeal in 2018, and the Ninth Circuit confirmed his convictions.

## II.  DISCUSSION

Defendant's Amended Motion seeks relief pursuant to the provision of § 2255, which allows a federal prisoner to challenge his sentence on the grounds that it was "imposed in violation of the Constitution or laws of the United States." He alleges ineffective assistance of appellate counsel, arguing that appellate counsel omitted a viable argument on direct appeal that resulted in prejudice.[5] Specifically, Defendant argues that his appellate attorney failed to recognize that the Supreme Court's holding in *Shaw v.*

---

[3] Docket 651 at 3 (citing trial testimony).
[4] *Id.*
[5] Docket 641 at 14.

*United States v. Avery*  Case No. 3:07-cr-00028-RRB
Order Denying Amended Motion to Vacate, Set Aside, or Correct Sentence  Page 2
Case 3:07-cr-00028-RRB   Document 655   Filed 01/13/21   Page 2 of 7

*United States*,[6] issued after the jury verdict but prior to his direct appeal, applied to his case.[7]

The relevant jury instructions in this case include Instruction No. 21, which explained the elements of bank fraud, including an "intent to defraud,"[8] and Instruction No. 23, which was the Ninth Circuit Pattern Jury Instruction defining "defraud," using the disjunctive: "An intent to defraud is an intent to deceive *or* cheat."[9]

In *Shaw*, the Supreme Court held that for bank fraud, "the scheme must be one to deceive the bank *and* deprive it of something of value."[10] The Ninth Circuit subsequently has applied *Shaw*, extending the reasoning to wire and mail fraud, in determining that the definition of defraud, "deceive *or* cheat" was no longer tenable, and holding that the correct definition of wire and mail fraud also includes "deceive *and* cheat."

> Like the mail fraud statute from which it is derived, the wire fraud statute, in plain and simple language, criminalizes the use of interstate wires to further, not mere deception, but a scheme or artifice to defraud or obtain money or property, i.e., in everyday parlance, to cheat someone out of something valuable. It follows that to be guilty of wire fraud, a defendant must act with the intent not only to make false statements or utilize other forms of deception, but also to deprive a victim of money or property by means of those deceptions. In other words, a defendant must intend to deceive *and* cheat.[11]

Defendant argues that his appellate counsel overlooked the viable challenge to the jury instruction given in this case, and that is particularly egregious given that an

---

[6] 137 S. Ct. 462, 469 (2016).
[7] Docket 641 at 15.
[8] Docket 459 at 25 (Jury Instruction No. 21).
[9] *See* Docket 459 at 27 (Jury Instruction No. 23) (emphasis added).
[10] *Shaw*, 137 S. Ct. at 469 (emphasis original).
[11] *United States v. Miller*, 953 F.3d 1095, 1101 (9th Cir. 2020) (emphasis in original).

*United States v. Avery*                                                                                            Case No. 3:07-cr-00028-RRB
Order Denying Amended Motion to Vacate, Set Aside, or Correct Sentence               Page 3
Case 3:07-cr-00028-RRB    Document 655    Filed 01/13/21    Page 3 of 7

intent to "defraud" is an element of multiple counts against him.[12] He argues that the or/and distinction was critical on the facts of this case, because "there was no evidence presented that Avery had paid off the loan to Wells Fargo in full *prior* to the Government filing charges."[13] He notes that he was not required to pay restitution to Wells Fargo, because the loan already had been repaid. The logic Defendant follows is that "a retrial will require the Government prove Avery cheated Wells Fargo out of $500,000.00," and that because he had paid off the loan before being charged, he did not "deprive" Wells Fargo of something of value, and therefore could not be convicted of defrauding Wells Fargo.[14]

When considering *Shaw* on remand, the Ninth Circuit found that "[t]here was no reasonable possibility the jury could have convicted him on the basis of a deception alone, without the intent to obtain anything of value. Any error in the instruction was therefore harmless. Shaw would have been convicted whether the instruction was in the disjunctive or conjunctive."[15] The Government argues that counsel's failure to argue for the disjunctive instruction on appeal here was, as it was in *Shaw*, harmless. "[E]ven if 'and' had been utilized the result would have been the same given the overwhelming evidence of Avery's scheme to deceive and cheat May Smith and the other trustees, along with the using the funds as his own money."[16]

The relevant bank fraud statute reads:

> Whoever knowingly executes, or attempts to execute, a scheme or artifice—

---

[12] Docket 641 at 15.
[13] Docket 654 at 4.
[14] *Id.* at 4–5.
[15] *United States v. Shaw*, 885 F.3d 1217 (9th Cir. 2018).
[16] Docket 651 at 2.

*United States v. Avery*                                Case No. 3:07-cr-00028-RRB
Order Denying Amended Motion to Vacate, Set Aside, or Correct Sentence           Page 4
Case 3:07-cr-00028-RRB    Document 655    Filed 01/13/21    Page 4 of 7

> **(1)** to defraud a financial institution; or
>
> **(2)** to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;
>
> shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both.[17]

The Court's first observation is that Defendant was charged with violating subsection (2), which does not contain the express requirement to "defraud," which is found in section (1).[18] But assuming that an "intent to defraud" had to be proven beyond a reasonable doubt, as the jury was instructed in Instruction No. 21, and acknowledging that the definition of "intent to defraud" properly is defined as "an intent to deceive *and* cheat," the only issue before this Court is whether Defendant should be granted a new trial based on the actual instruction that "an intent to defraud is an intent to deceive *or* cheat."

While Defendant does not seem to dispute that he "deceived" Wells Fargo by putting forth trust assets as collateral for the margin loan, which he then spent on personal expenses, he argues that he "was convicted of bank fraud without proving he cheated the bank,"[19] and that the same argument can be made with respect to the charge of wire fraud.[20] Defendant would have the Court conclude that because he paid back the ill-

---

[17] 18 U.S.C. § 1344.
[18] It is unclear whether the Ninth Circuit Model Jury Instruction for § 1344(2) contains the element "intent to defraud," but that is a matter for another day.
[19] Docket 654 at 5.
[20] *Id*. at 6. To prove wire fraud under § 1343, an individual must be found to have transmitted by means of wire the money or property obtained "by means of false or fraudulent pretenses." In other words, the wire fraud depended first on a finding of bank fraud in this case.

*United States v. Avery*  Case No. 3:07-cr-00028-RRB
Order Denying Amended Motion to Vacate, Set Aside, or Correct Sentence  Page 5
Case 3:07-cr-00028-RRB   Document 655   Filed 01/13/21   Page 5 of 7

gotten loan from Wells Fargo, he did not "cheat" Wells Fargo, and therefore did not "defraud" Wells Fargo. The real question, therefore, is the meaning of the word "cheat."

"Cheat" is not defined in the Model Jury Instructions. However, the Supreme Court in *Shaw* equated "cheat" with "deprive[ing the bank] of something of value."[21] MERRIAM-WEBSTER defines "cheat" as "the act or an instance of fraudulently deceiving," "to violate rules dishonestly," and "the obtaining of property from another by an intentional active distortion of the truth."[22] The CAMBRIDGE DICTIONARY defines "cheat" as "to behave in a dishonest way in order to get what you want."[23] The OXFORD ENGLISH DICTIONARY defines "cheat" as to "act dishonestly or unfairly in order to gain an advantage, especially in a game or examination."[24]

The Ninth Circuit has declined to correct an instruction error where it has found it was "extremely unlikely" that a jury would reach a different decision.[25] "It is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court."[26] Defendant argues that this is just such a rare case, and that a different decision in this case is not "extremely unlikely."[27]

---

[21] *Shaw*, 137 S. Ct. at 469 (emphasis original). The words "cheat" and "deprive" appear interchangeable in both caselaw and briefing.
[22] Cheat, Merriam-Webster.com, https://www.merriam-webster.com/dictionary/cheat (last visited January 12, 2021).
[23] Cheat, Dictionary.Cambridge.org, https://dictionary.cambridge.org/us/dictionary/english/cheat (last visited January 12, 2021).
[24] Cheat, https://www.lexico.com/en/definition/cheat (last visited January 12, 2021).
[25] *United States v. Perez*, 116 F.3d 840, 848 (9th Cir. 1997).
[26] *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).
[27] Docket 641 at 27.

*United States v. Avery*     Case No. 3:07-cr-00028-RRB
Order Denying Amended Motion to Vacate, Set Aside, or Correct Sentence     Page 6
Case 3:07-cr-00028-RRB   Document 655   Filed 01/13/21   Page 6 of 7

The Court is not persuaded by Defendant's strained argument that because he paid back the loan to Wells Fargo, he did not "defraud" Wells Fargo. No definition or interpretation of "cheat" suggests that one can undo the cheating by restoring the status quo. The jury clearly found—and Defendant seems to concede—that he deceived Wells Fargo into loaning him money on false pretenses. Although he eventually paid it back, he still "deprived the bank of something of value," i.e., credit to which he was not entitled. The Court agrees with the Government that the jury verdict would have been the same if the instruction had contained "and" rather than "or."

## III. CONCLUSION

In light of the foregoing, Defendant's Motion to Vacate, Set Aside, or Correct Sentence is DENIED.

IT IS SO ORDERED this 13th day of January, 2021, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
Senior United States District Judge

*United States v. Avery*     Case No. 3:07-cr-00028-RRB
Order Denying Amended Motion to Vacate, Set Aside, or Correct Sentence     Page 7
Case 3:07-cr-00028-RRB    Document 655    Filed 01/13/21    Page 7 of 7