IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>MARK J. AVERY,<br><br>           Defendant. | Case No. 3:07-cr-00028-RRB<br><br>**FINAL ORDER<br>DENYING MOTION TO VACATE,<br>SET ASIDE, OR CORRECT<br>SENTENCE**<br>**Docket 623** |

## I. INTRODUCTION

At Docket 684, this Court resolved most of the current matters before the Court that were raised by Defendant, Mark J. Avery, in both his *pro se* claims, asserted at Docket 623, and the subsequent Amended Motion filed by appointed counsel at Docket 641. The facts hereof are not in great dispute and have been previously addressed. Furthermore, an entire transcript of the proceedings, including the recent evidentiary hearing, has been produced and is available to the parties. Therefore, they will not be again reviewed here unless necessary to resolve an issue.

Still to be resolved is Claim 5 of the original motion filed *pro se* by Defendant. This was addressed by the Court beginning on page 23 of the aforesaid order at Docket 684. This claim raised issues as to Defendant's Sixth Amendment Right to Effective Assistance of Counsel—M. Dieni. Michael Dieni ("Defense counsel"), was the

eighth attorney appointed to represent Defendant since this matter first arose when an Information was filed against Defendant in March 2007. Periodically throughout, Defendant, who is an attorney himself, participated *pro se*. Defense counsel represented Defendant beginning in October 2013, and continued to represent Defendant through trial and until after the sentencing in this matter was completed. He was permitted to withdraw as attorney of record and new counsel was appointed in May 2016.

As indicated in the Court's order at Docket 684, although most of Defendant's claims could be resolved without a hearing, the Court could not fully address the current claim regarding effectiveness of counsel because some of the allegations involved matters occurring outside the record. Therefore, the Court held an evidentiary hearing on July 11, 2023. Each party filed closing arguments on July 28, 2023.[1]

The issue remaining for the Court to resolve is whether Defendant was deprived of effective assistance of counsel because of Defendant's mental health issues at the time in question and/or because of communication challenges between client and counsel as trial approached such that it prejudiced Defendant and impacted the outcome of the trial.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a prisoner in custody pursuant to a sentence imposed by a United States federal court may file a motion to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution

---

[1] Dockets 705, 706.

or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."[2]

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."[3] "If the motion is not dismissed, the judge must review the answer, any transcripts and records of prior proceedings, and any materials submitted . . . to determine whether an evidentiary hearing is warranted."[4] "The district court may deny a section 2255 motion without an evidentiary hearing only if the movant's allegations, viewed against the record, either do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."[5]

If the court determines that relief is warranted, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate."[6] "The 'general rule' is that constitutional errors do not require reversal of a conviction, but are susceptible to harmless

---

[2] 28 U.S.C. § 2255(a).
[3] 28 U.S.C. § 2255(b).
[4] Rule 8(a), Rules Governing Section 2255 Proceedings for the United States District Courts.
[5] *United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989) (per curiam); *see also United States v. Rodriguez*, 49 F.4th 1205, 1213 (9th Cir. 2022) ("[A] hearing is mandatory whenever the record does not affirmatively manifest the factual or legal invalidity of the petitioner's claims." (quoting *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982)).
[6] 28 U.S.C. § 2255(b).

*United States v. Avery*  Case No. 3:07-cr-00028-RRB
Final Order  Page 3
Case 3:07-cr-00028-RRB   Document 707   Filed 08/15/23   Page 3 of 8

error review."[7]  A constitutional violation usually is harmless unless, "in light of the record as a whole," the violation had "a substantial and injurious effect or influence in determining the jury's verdict."[8]  "This inquiry is not a matter of pure logic, but of sensitive judgment based on the case presented to the jury by the prosecution and defense."[9]

### III. DISCUSSION

Claims of ineffective assistance of counsel generally are analyzed under the familiar standard of *Strickland v. Washington*.[10]  To establish a claim for ineffective assistance of counsel under the Sixth Amendment, a petitioner must show that (1) "counsel's representation fell below an objective standard of reasonableness," and (2) "any deficiencies in counsel's performance must [have] be[en] prejudicial to the defense."[11]

The Government's focus at the evidentiary hearing was on the *Strickland* standards, arguing that the quality of defense provided to Defendant clearly satisfied *Strickland* and that any communication breakdown was short term, was one-sided, and did not impact the quality of the defense or the outcome of the case.  The Government contends that any communication breakdown, as trial approached, was solely due to Defendant and

---

[7] *United States v. Montalvo*, 331 F.3d 1052, 1056–57 (9th Cir. 2003) (per curiam) (quoting *Arizona v. Fulminante*, 499 U.S. 279, 306–07 (1991)).

[8] *Id.* at 1057–58 (emphasis removed) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993)).  Certain "structural" constitutional errors are never harmless.  These include total deprivations of the right to counsel at trial, a judge who was not impartial, unlawful exclusion of members of the defendant's race from a grand jury, violations of the right to self-representation at trial, and violations of the right to a public trial.  *Id.* at 1057.

[9] *Id.* at 1058.

[10] 466 U.S. 668 (1984).

[11] *Id.* at 688, 692.

that Defense counsel remained available to Defendant throughout. Moreover, the Government sets forth, at length, the many things that Defense counsel did on behalf of Defendant and the high quality of defense that counsel provided.

Defendant contends that regardless of *Strickland*, the conviction should be vacated pursuant to *United States v. Frazer*[12] and its progeny. In *Frazer*, the Ninth Circuit found that the "duty of loyalty" that appointed counsel has under the Sixth Amendment with respect to his or her client includes "channels of open communication" in order to "function as contemplated in the Constitution."[13] The *Frazer* court concluded that in cases where the Sixth Amendment defect was sufficiently egregious, a "presumption of prejudice [would be] appropriate without inquiry as to the actual conduct of the trial."[14] Defendant argues here that regardless of *Strickland* and regardless of the quality of defense, the facts produced at the evidentiary hearing established a "complete breakdown" of communication between attorney and client such that Defendant essentially went to trial unrepresented and that, therefore, the conviction should be set aside.

## IV. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court finds that the defense provided by Defense counsel was not defective under *Strickland*. On the contrary, given the difficult facts counsel had to work with, the defense provided was extraordinary and certainly satisfied each component of the *Strickland* test. Therefore, because the Court does not find that the defense provided

---

[12] 18 F.3d 778 (1994).
[13] *Id.* at 785.
[14] *Id.* (citation omitted).

Defendant was deficient, and because any deficiency that may have existed did not prejudice Defendant or impact the outcome of the trial, the Court is inclined to deny the instant motion subject only to a *Frazer* evaluation.

The evidentiary hearing conducted in this matter focused on Defendant's *Frazer* arguments and revealed communication challenges between attorney and client as trial approached, as well as disagreements as to trial strategy and as to whether to resolve the case before trial. These disagreements led to harsh words by Defense counsel as to the merits of Defendant's ideas, which Defendant appears to have taken personally. However, the Court cannot find that the *Frazer* factors, or any of its progeny, come into play under these facts. Any communication breakdown here was limited to shortly before trial and was based largely on a disagreement as to trial strategy and came after extensive trial preparation was completed. Moreover, the communication breakdown was one sided. Defense counsel, while displaying poor "bed-side manner" at times, remained available to Defendant throughout the trial, as did his legal assistant. Defendant simply chose not to further communicate with counsel.

Unlike in *Frazer*, while Defense counsel understandably disagreed with Defendant's proposed trial strategy, counsel did not attack Defendant personally or disparage his race or person, nor did Defense counsel give up on the case, indicate a desire to lose, or side with the prosecution. As an attorney with extensive trial experience, and given his past experiences with appointed counsel, Defendant should have expected such vigorous discussions. In any event, Defense counsel repeatedly apologized and proceeded to represent Defendant vigorously. Defense counsel's focus throughout was on obtaining

*United States v. Avery* Case No. 3:07-cr-00028-RRB
Final Order Page 6
Case 3:07-cr-00028-RRB Document 707 Filed 08/15/23 Page 6 of 8

the best possible result for Defendant. There certainly was not a "complete breakdown" of attorney client relations as envisioned by *Frazer*. Despite roughly two years of loyal and dedicated service by Defense counsel, Defendant, on his own volition, chose to withdraw from discussions with his attorney shortly before trial, while Defense counsel continued vigorous trial preparation. Nevertheless, Defense counsel stood face-to-face with Government counsel, literally and figuratively, throughout trial and vigorously fought on his client's behalf.

Moreover, Defense counsel's loyalty could not be questioned, nor could his desire for a favorable result for his client. As it turned out, thanks to Defense counsel's efforts, Defendant was only convicted of ten of the seventeen counts against him, and despite compelling victim impact statements, Defendant received a sentence which was 75 months below the bottom of the sentencing guideline range. To the extent that there was a breakdown in communication between the parties, it was not at all visible to the Court during the trial and was easily curable if Defendant so desired. Furthermore, it is generally appropriate for a defense counsel to utilize his preferred trail strategy.[15]

Importantly, the Court has not seen any evidence to suggest that any of Defendant's proposed strategies were of merit or that any other attorney would have employed a better strategy than was employed here. Nor is there anything now before the Court to suggest that a different result would have been obtained had Defendant's strategies been employed or had there been better communication between counsel and client, or had

---

[15] *See United States v. McKenna*, 327 F. 3d 830, 843–44 (9th Cir. 2003).

the trial been further delayed. And the Court is not aware of any mental health issues affecting Defendant at the time of trial that could have impacted the strategy employed or the results of the trial. Defendant sat through the entire trial and responded clearly to questions put to him frequently by the Court. Defendant's lengthy trial testimony was thorough and failed to disclose any mental health issues or deficiencies. Finally, any defect that may have occurred here, which the Court does not find, certainly was not egregious as required by *Frazer*.

## V. CONCLUSION

It is difficult see how any other attorney could have provided a better defense than was provided here. In fact, in the thirty plus years on the bench, the Court has not observed a more zealous defense. Therefore, for all the reasons cited above, as well as for the reasons argued by the Government, Defendant's Motion to Vacate, Set Aside or Vacate Sentence is hereby DENIED.

## VI. CERTIFICATE OF APPEALABILITY

This Court concludes that Defendant has not made a substantial showing of the denial of a constitutional right, and that reasonable jurists could not debate the validity of Defendant's argument. Therefore, the Court denies the issuance of a Certificate of Appealability as to the claims set forth above.

IT IS SO ORDERED this 15th day of August, 2023, at Anchorage, Alaska.

                                                      */s/ Ralph R. Beistline*
                                                      RALPH R. BEISTLINE
                                                      Senior United States District Judge